J-S77034-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee : 
:
      v. :
:
KEVIN SOETH, :
:
        Appellant :
:    No. 3937 EDA 2017

Appeal from the PCRA Order November 3, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004140-2015

BEFORE:    OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:      **FILED JANUARY 30, 2019**

Kevin Soeth (Appellant) appeals from the order entered November 3,

2017, dismissing his petition filed under the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel has filed a petition to withdraw

and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and

***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).[1]  Upon review,

---

[1] In this Court, counsel filed an ***Anders*** brief seeking to withdraw as counsel
on appeal.

> A ***Turner/Finley*** no-merit letter, however, is the appropriate
> filing. ***See Commonwealth v. Turner***, [544 A.2d 927 (Pa.
> 1988)]; ***Commonwealth v. Finley***, [550 A.2d 213 (Pa. Super.
> 1988)] (*en banc*). Because an ***Anders*** brief provides greater
> protection to a defendant, this Court may accept an ***Anders***
> brief in lieu of a ***Turner/Finley*** letter. ***Commonwealth v.
> Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

\* Retired Senior Judge assigned to the Superior Court.

we grant counsel's petition to withdraw and affirm the order of the PCRA court.

On January 19, 2016, Appellant entered a negotiated guilty plea to one count of terroristic threats. That same day, Appellant entered a negotiated guilty plea at a separate docket number, CP-23-CR-0003945-2015 (docket number 3945-2015), to one count of fleeing or attempting to elude an officer. On February 2, 2016, Appellant was sentenced to nine to 23 months' incarceration followed by three years' probation, to run concurrently with his sentence at docket number 3945-2015.[2] Appellant did not appeal his judgment of sentence.

On July 25, 2016, Appellant *pro se* filed a PCRA petition at the aforesaid docket numbers, alleging his guilty pleas were entered involuntarily due to ineffective assistance of counsel. The PCRA court appointed counsel, who submitted a **Turner/Finley** "no merit" letter. On September 1, 2017, the PCRA court issued a notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response and on November 3, 2017, the PCRA court dismissed Appellant's petition but did not grant counsel's request to withdraw. On December 1, 2017, Appellant, through counsel, filed two identical notices of appeal, one at each of the aforementioned docket numbers. Likewise, on December 22,

---

[2] Appellant received an identical sentence at docket number 3945-2015.

2017, counsel filed two identical notices of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).[3,4]

Before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.

> … **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with

---

[3] In light of counsel's statement of intent to file an **Anders** brief, the PCRA court opted not to enter "any opinion on the merits." PCRA Court Opinion, 8/17/2018, at 3.

[4] The appeal at docket number 3945-2015 was docketed with this Court at 3934 EDA 2017 and on December 6, 2018, this Court issued an unpublished memorandum affirming the order denying PCRA relief. **See Commonwealth v. Soeth**, 2018 WL 6381168 (Pa. Super. December 6, 2018) (unpublished memorandum).

counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has complied with the technical requirements of *Turner* and *Finley*. We now turn to the substantive issue contained in counsel's brief. In his brief, counsel states the following question for this Court's review: "Was [plea] counsel ineffective in that [Appellant] did not receive good time credit in reference to the concurrent sentences of nine [to 23] months that he received at" docket numbers 3945-2015 and 4140-2015. *Anders* Brief at 4 (unnecessary capitalization omitted). Specifically, in his PCRA petition and brief on appeal, Appellant avers that but for counsel's "faulty" advice concerning time credit, he would not have entered his plea. PCRA Petition, 7/25/2016, at ¶ 13; *Anders* Brief at 8. Because Appellant challenges the actions of plea counsel, we observe the following.

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [42 Pa.C.S. § 9543(a)(2)(ii),] not the [sub]section specifically governing guilty pleas [42 Pa.C.S. § 9543(a)(2)(iii)]." *Commonwealth v. Lynch*, 820 A.2d 728, 730 n.2 (Pa. Super. 2003).

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010)

(internal citations omitted).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-93 (Pa. Super. 2013)

(citations and quotation marks omitted).

As noted *supra*, Appellant's appeal at docket number 3945-2015, which is identical in form and substance to the appeal in this case, was affirmed by a panel of this Court in December 2018. *See Soeth*, *supra*.

Therein, this Court determined that Appellant's ineffective assistance of counsel issue was without merit for the following reasons.

> Here, [Appellant] was incarcerated between April 28, 2015 and May 28, 2015. The 30-day credit attributable to that period of incarceration was applied to a Montgomery County case in which he entered a guilty plea on September 2, 2015. *See* N.T. Guilty Plea, 1/19/16, at 5. On the record at [Appellant's] guilty plea hearing, counsel for the Commonwealth stated the following:
>
> > MR. DOHERTY: Okay, that being said, [at docket number 3945-2015, Appellant] will be entering a negotiated plea of guilty to Information Count # 1, fleeing or [eluding], it's a felony of the third degree with a recommended sentence of 9 to 23 months, followed by three years consecutive probation, there is also a mandatory $500 fine. [Appellant's] time served is not to include the period of one month that the [Appellant] pled guilty on a Montgomery County case on September 2nd, 2015, that was – and he was given credit for one month from April the 28th, 2015 to May 28th, 2015, so just so **that is not going to be double counted towards his credit on this case or any other case.**[5]
>
> Later in the hearing, the trial court colloquied [Appellant] as follows:
>
> > THE COURT: Do you have any questions now of your attorney or this Court?

---

[5] At Appellant's sentencing hearing, the Commonwealth echoed these same terms with respect to time credit applied to the docket number at issue in this appeal: "And on [docket number 4140-2015], negotiated plea of guilty to information count #1, terroristic threats, a misdemeanor of the first degree, 9 to 23 months with three years consecutive probation, again, the time served of April 28th to May 28th of 2015 not to count towards his time served." N.T., 2/2/2016, at 4 (unnecessary capitalization omitted).

[APPELLANT]: Yeah, what was the – I didn't hear what he said with [docket number 4140-2015] what was that deal again?

MR. DOHERTY: It's the same sentence.

[APPELLANT]: Okay.

THE COURT: Both are the same, both are the same concurrent. Both sentences are the same and they run concurrently, so they run at the same time.

[APPELLANT]: It's just not going to count for that one month?

THE COURT: Just that one month is not going to count because you've already gotten credit for it from Montgomery County.

[APPELLANT]: All right.

THE COURT: Right.

[APPELLANT]: Is there good time on the both of the cases?

THE COURT: That's up to the prison to determine good time and you will, if you deserve good time, they'll give it to you, but I don't determine good time.

Based on the foregoing excerpts from the guilty plea hearing, it is clear that [Appellant] was aware at the time he entered his plea that he would not receive the 30-day credit for time served on this case and that the correctional institution would determine whether he was entitled to receive good time. "[A] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Kelly*, 5 A.3d 370, 382 n.11 (Pa. Super. 2010). [Appellant's] claim that counsel misled him regarding time credit is belied by the record in this matter. Rather, the record demonstrates that [Appellant] entered a knowing, intelligent, and voluntary guilty plea. Accordingly, his ineffectiveness claim must fail.

***Soeth***, 2018 WL at *3 (emphasis added; unnecessary capitalization, footnote and some citations omitted).

Upon our independent review, we agree with the learned panel of this Court that Appellant's sole claim on appeal is belied by the record. Prior to accepting Appellant's plea, the trial court engaged in a discussion, cited *supra*, that directly discussed credit for time served and credit for good time. Based on the foregoing, Appellant cannot now claim that he was unaware or misinformed about these particular points of his sentence when entering his plea. Accordingly, we affirm the order of the PCRA court denying his PCRA petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/19